**DJF:NJ:rah**

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY SPRUILL, | : | No. 1:19-CV-1845 |
|     Petitioner | : | |
| | : | |
| v. | : | (Jones, J.) |
| | : | |
| WARDEN, FPCC, | : | |
|     Respondent | : | Filed Electronically |

## RESPONSE TO THE
## PETITION FOR WRIT OF HABEAS CORPUS

This is a habeas corpus matter brought under 28 U.S.C. § 2241 by Petitioner, Anthony Spruill. (Pet., Doc. 1.) Spruill is currently incarcerated at the Federal Prison Camp – Canaan, in Waymart, Pennsylvania (FPC Canaan). (Pet. 3); Ex. 1 (Declaration of Megan Marlow) ¶ 1. In his habeas petition, Spruill seeks release to home confinement for the remainder of his sentence as an elderly offender. (Pet. 3); Ex. 1 ¶ 1.

The habeas petition should be denied because Spruill is not eligible for release.

I. PROCEDURAL HISTORY

On April 11, 2019, Spruill sent a letter to the United States District Court for the District of New Jersey asking that he be released to home confinement as an elderly offender pursuant to 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541(g)(1)(B). (Pet.) Because his request was construed as a habeas petition and because he is confined in this district, the court transferred the case here on October 24, 2019. (Mem. and Order from Dist. of N. J., Doc. 8); (Docket from Dist. of N. J., Doc. 2.) On January 2, 2020, the Court directed respondent to show cause within 21 days. (Order ¶ 2, Doc. 11.)

II. STATEMENT OF FACTS

Spruill is 63 years old. (Pet.) He was sentenced in June 2017 to 48 months in prison. (Pet. Att. 6.) He self-surrendered on September 6, 2017 and is currently scheduled for release on January 30, 2021. (*Id.*) On May 30, 2019, he applied for early release to home confinement as an elderly prisoner, pursuant to 34 U.S.C. § 60541(g). (Pet. Att. 1, at 6.) The Bureau of Prisons denied his request, however, because he had not yet served two-thirds of his sentence and so was ineligible. (*Id.*); 34 U.S.C. § 60541(g)(5)(A)(ii). Spruill later appealed the decision to the Bureau of

Prison's Northeast Regional Office and then its Central Office; both submissions were denied. (Pet. Att. 1, at 7-13.)

### III. STATEMENT OF QUESTIONS INVOLVED

Whether the Court should dismiss the habeas petition because Spruill is not eligible for home confinement release?

### IV. ARGUMENT

**A. Applicable law**

The First Step Act re-authorized and amended provisions of an earlier law that allowed some elderly and terminally ill prisoners to be released to home confinement for the last stage of their sentences. Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5238 (2018). To be eligible, elderly offenders must, among other things, be at least 60 years of age and have served two-thirds of their original sentence. 34 U.S.C. § 60541(g)(5)(A).[1]

---

[1] Other provisions of the Act increased the amount of good time credits available to certain prisoners. *See, e.g.*, First Step Act of 2018 § 103, 18 U.S.C. § 3624(b)(1). But these provisions are irrelevant here because the two-thirds calculation is based on "the term of imprisonment to which the offender was sentenced" not the term the offender ultimately ends up serving once good time credits are factored in. 34 U.S.C. § 60541(g)(5)(A).

**B.   Spruill's habeas petition should be denied because he is not eligible for early release under the First Step Act.**

At the time of his original application, Spruill had not served even half of his sentence. His request was thus properly denied. As of the date of this filing, Spruill has still not served enough time to be eligible.[2] *See* Ex. 1, Att. A, at 3 (showing that Spruill had served 58.7% of his full term as of January 9, 2020).

Accordingly, Respondent respectfully requests the Court to deny Spruill's habeas petition; certify that any appeal would be frivolous, lacking in probable cause, and not taken in good faith; and instruct him to resubmit an application at the institutional level after he has become eligible should he still wish to seek home confinement release.

---

[2] Even if Spruill had completed two-thirds of his sentence at the time of this filing, the proper course would be to dismiss the petition for failure to exhaust administrative remedies and allow the BOP to re-determine his eligibility given the passage of time. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (internal citation omitted) (noting that prisoners are required to exhaust their administrative remedies before petitioning for a writ of habeas corpus); *Arias v. U.S. Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981) (holding that the petition should be dismissed where a prisoner does not exhaust available administrative remedies).

        Respectfully submitted,

        DAVID J. FREED
        United States Attorney

        s/ Navin Jani
        Navin Jani
        Assistant United States Attorney
        CA 298118
        Rebecca A. Hovenstine, Contractor
        Senior Litigation Paralegal
        316 Federal Building
        240 West Third Street
        Williamsport, PA 17701
        Phone:  717-221-4538
        Fax: 717-221-4582
        Navin.Jani@usdoj.gov

Date:  January 23, 2020

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY SPRUILL, | : | No. 1:19-CV-1845 |
| Petitioner | : | |
| | : | |
| v. | : | (Jones, J.) |
| | : | |
| WARDEN, FPCC, | : | |
| Respondent | : | Filed Electronically |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on January 23, 2020, she served a copy of the attached

## RESPONSE TO THE
## PETITION FOR WRIT OF HABEAS CORPUS

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:
Anthony Spruill
Reg. No. 63909-050
USP Canaan
Satellite Camp
P.O. Box 200
Waymart, PA  18472

/s/ Rebecca A. Hovenstine
Rebecca A. Hovenstine, Contractor
Senior Litigation Paralegal