RECEIVED FEB 10 2020 U.S.C.A. 3rd C'

To: Court of Appeals:
From: Anthony Spruill:
Civil Case No: 1:19-cv-1845
Pursuant to U.S.C. - 2241
Subject: Denial of 2241
Dated 02-04-2020

Honorable Judges of The Court of Appeals,
Petitioner, Anthony Spruill, hereinafter, hereby applies pursuant to 28 U.S.C. 2253 for a Certificate of Appealability to appeal the district court's denial of the (2241) petition.

Statement of Jurisdiction,
I believe this court has jurisdiction pursuant to 28 U.S.C. - 1291 and 2253(C)(1)(B), and Rule 22(B) of the Federal Rules of Appellate Procedure. Honorable Judge's, I seek a Certificate of Appealability to authorize an appeal of the district court's dismissal of my (2241) Petition.

It is also my hope and belief that this court should grant the Certificate of Appealability so that I may appeal the dismissal of my 2241 petition without just cause. A challenge to the district court's subject matter jurisdiction to the court's power to hear a given case can never be waived or forfeited. See Arbaugh v. Y&H Corp. 546 U.S. 500, 514 (2006). Certain constitutional challenges asserting a "right not to be haled into court at all" cannot be waived even through a guilty plea, Black v. Perry, 417 U.S. 21, 31 (1974), and federal law requires that a conviction to be set aside if the conviction was entered pursuant to a counseled plea of guilty. Perry at 30.

Honorable Judge's,
I am also requesting to proceed in forma pauperis, I am including the only form I have from the court's.
I don't know if it is appropriate at this time but nevertheless I will outline certain constitutional issues, I feel is pertinent to my case.

The status on my case rest on several keys issues; (602) now 18 U.S.C. 3624(C)2, (603)(A) described in 34 U.S.C. 60541(g) Section 60541(g)(1)(A-B) 3624(A) title 18, Release of Prisoner.

The government failed to demonstrate a nexus between 213 and section (602) now 3624(C)(2), which is my main purpose for seeking this bill.

My Due process, rights were pushed aside; My fundamental right to contest, Respondent response, was completely nullify.

The Government relied on (Moscato) which was based on failed to timely file; Which has no barring on my case, or issues.

My challenge on Exhaustion, were pertaining to Michael Rinaldi's 904 F.3d 257, (Camp v. Brennan, 219. F.3d 279 (3d Cir. 2000) Which clearly states, Judge's concluded that the prison had waived any exhaustion defense and "judicial was open to the inmate" because the inmates allegation had been fully examined on the merits by the ultimate administrative authority, and therefore a substantive determination had been made at the highest level, ID, at 281.

Honorable Judge's, my reply was not even consider or recieved although the Judge gave me 14 days to respond to respondent; His descission was made on the 28th of Jan; I recieved my letter from the court on Jan 31, 2020, by letter was sent out on the Jan 29th; Respondent response was due on the 23rd, I had until the 02-06-20.

Honorable Judge's. My case is based on Statutory Construction, and Constitutional Rights that need to be addressed! I have appropriate documents to prove my case, also I went through the proper steps in the Administrative Process to the latter.

Sincerly Submitted
Anthony Spruill - Pro-Se



United States Court of Appeals
United States Courthouse, 21st floor
601 Market Street
Philadelphia, PA 19106

RECEIVED FEB 10 2020 U.S.C.A. 3rd CIR

63909-050
Anthony Spruill
FPCC UNIT G
PO BOX 200
Waymart, PA 18472
United States

THIS CORRESPONDENCE IS FROM AN INMATE CURRENTLY IN THE CUSTODY OF THE FEDERAL BUREAU OF PRISONS.